IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| SHAHKOH SOHAIL, §<br><br>§<br>*Petitioner*, §<br><br>§<br>v. §<br><br>§<br>TODD BLANCHE, ATTORNEY GENERAL; §<br>MARKWAYNE MULLIN, SECRETARY OF §<br>HOMELAND SECURITY; TODD M. LYONS, §<br>SENIOR OFFICIAL PERFORMING THE §<br>DUTIES OF THE DIRECTOR OF U.S. §<br>IMMIGRATION & CUSTOMS §<br>ENFORCEMENT; MARCOS CHARLES, §<br>ACTING EXECUTIVE ASSOCIATE §<br>DIRECTOR FOR ENFORCEMENT AND §<br>REMOVAL OPERATIONS; BRET §<br>BRADFORD, FIELD OFFICE DIRECTOR FOR §<br>ENFORCEMENT AND REMOVAL §<br>OPERATIONS; U.S. IMMIGRATION & §<br>CUSTOMS ENFORCEMENT; U.S. §<br>DEPARTMENT OF HOMELAND SECURITY; §<br>JOHN DOE, WARDEN OF IAH SECURE §<br>ADULT DETENTION FACILITY. §<br><br>§<br>*Respondents*. § | CIVIL ACTION NO. 9:26-CV-00313<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Shahkoh Sohail's ("Sohail")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Shahkoh Sohail is a Pakistani national. [Dkt. 1 at ¶ 36]. On January 16, 2026, United States Immigration and Customs Enforcement ("ICE") detained Sohail. *Id.* at ¶ 54.

On May 4, 2026, Sohail brought a habeas corpus petition, claiming that his detention violates federal regulations, the Fifth Amendment to the United States Constitution, and the Administrative Procedure Act ("APA"). [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Immigration and Nationality Act ("INA")

Sohail's challenge under 8 C.F.R. § 241.13(i)(2)–(3) is misplaced. Detention while removal proceedings are pending is authorized by at least two INA provisions—8 U.S.C. §§ 1225(b)(2)(A) and 1226(a), and, in this Circuit, § 1225(b)(2)(A) applies to certain aliens who entered without inspection and were subsequently detained. *See* 8 U.S.C. §§ 1225(b)(2)(A), 1226(a); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Accordingly, the post-order review procedures in § 1231 and 8 C.F.R. § 241.13 do not govern here. Even assuming those provisions applied, habeas relief is not available to correct alleged procedural noncompliance that would not necessarily entitle Sohail to immediate release; the writ's "sole function" is to test the legality of custody itself, not to remedy irregularities that at most affect the manner or timing of custody. *See Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997).

### B. Fifth Amendment

To the extent Sohail instead asserts a post-order "no significant likelihood of removal in the reasonably foreseeable future" argument, *Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."

*Id*. Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id*. at 700. As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id*. at 700–01. After this six-month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." Id. at 701. Sohail has not demonstrated that "there is no significant likelihood of removal in the reasonably near future." It follows his Petition cannot be granted.

Additionally, Sohail's contention that he is being incarcerated "to punish him or to send a message" challenges the purpose or conditions of confinement rather than the legal basis for custody. Even accepting those allegations as true, this claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the cause of detention." *See Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Challenges to treatment or procedures that at most affect the timing or manner of custody and would not necessarily result in immediate release if corrected, must ordinarily be brought via a civil-rights action, not a habeas petition. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997).

### C. Administrative Procedures Act ("APA")

Sohail argues that Respondents' redetention decision is arbitrary, capricious, and contrary to law under 5 U.S.C. § 706(2)(A), including alleged noncompliance with 8 C.F.R. § 241.13(g), (i)(2)–(3). The Court lacks jurisdiction to decide the merits of Petitioner's APA claim in this habeas action because it is "unrelated to the cause of [his] detention." *See Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Challenges to agency decision-making processes that, at most, "affect[] the timing of [a prisoner's] release from custody" must ordinarily be brought via non habeas proceeding. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.

1995). Because success on Petitioner's APA theory would not necessarily entitle him to immediate release, his remedy does not lie in § 2241.

### IV. CONCLUSION

It is therefore **ORDERED** that Sohail's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 21st day of May, 2026.**

Michael J. Truncale
United States District Judge